Van Voorhis, J. (dissenting).
This appeal involves minimum wages of male employees in men’s lodging houses on the Bowery in New York City. There are 60 or more of such establishments in the city, supplying about 12,000 beds. These places do not admit women or minors. They cater only to men in the lowest strata of society, who are aged, homeless or destitute. These men cannot afford the price of ordinary hotel accommodations, but have old age assistance or sufficient other means to keep from becoming public charges. Some of the frequenters of these lodging houses are employed to perform necessary menial tasks in them at a small wage, such as bedmaking or cleaning the floors. This makes it possible to accept male lodgers at low rates by reducing the operating expenses.
Section 663-a of the Labor Law, enacted in 1944, provides that no male 21 years of age or over ‘' shall be employed in an occupation at less than the minimum standards or rates of wages fixed for women and minors in such occupation under a minimnm wage order.” Although no women or minors are employed in this occupation, these “ flop houses ” have been classified as hotels by the Industrial Commissioner, with the consequence that the men who perform these menial tasks are legally required to be paid as much as women receive under employment in hotels. These establishments are hotels in name only, having probably been so designated by their owners in deference to the personal morale of those who inhabit them. They provide none of the services ordinarily furnished by hotels, unless an army barracks may be classified as a hotel. *69 The validity and applicability of section 663-a and these administrative rulings is challenged as applied to this situation.
Section 663-a does not purport to be a general minimum wage law for men. It leaves uncovered many fields in which men alone are employed. It does not define what occupations are affected or are left unaffected. It bears no relation to the health, safety, morals or welfare of men. Its purpose is to increase the number of jobs available to women, by eliminating wage competition with men as a consequence of prescribing minimum wages for women. Its object is solely to make more jobs for women by eliminating wage competition with men. If this case came within its scope and purpose, it would provide more jobs for women by eliminating competition with men for jobs as domestics in lodging houses on the Bowery. Yet there no employment of women is permitted. Women are forbidden to fill these positions by municipal regulation under penal sanctions. This demonstrates, as it seems to me, that this statute cannot possibly have been designed to cover this situation.
If this section is to be construed as including such employees, its constitutionality would be open to question. It confuses the issue to treat section 663-a as a male minimum wage law. If it were, its validity might be upheld on the basis that it was reasonably related to some actual or manifest evil (Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537), viz., the payment to men of less than a living wage. But this statute does not purport to prevent the payment of less than a living wage to men who are engaged in occupations in which women are not employed. Its purpose and effect is the same as though it provided that occupations in which women are engaged shall be reserved for women, at least to the extent of not being available to men at lower wages. Whatever relation to the police power this statute could have arises by reason of its effect upon women not upon men. It is not equivalent to a statute requiring equal pay to women for equal work with men. Its effect is to insist that these men shall be paid more than their services are worth, for the reason that it would endanger the morals or health of women if they were similarly circumstanced. That has nothing to do with increasing the pay of these casual, part-time employees which can only result in increasing rates for lodging to be paid by these and other unfortunates and turning them out into the street.
*70 The judgment appealed from should be reversed, with costs in all courts, and relief granted as demanded in the complaint.
Conway, Ch. J., Dye, Fuld, Froessel and Burke, JJ., concur with Desmond, J.; Van Voorhis, J., dissents in an opinion.
Judgment affirmed.